

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MAY 1 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **Jeffrey M. Kenyon,** individually and on behalf of all persons similarly situated as class representative, | ) ) ) ) | |
| Plaintiffs, | ) ) | **07CV2750** |
| v. | ) ) | **JUDGE GETTLEMAN** |
| **Kendall County Blacktop, Inc.,** | ) ) | **MAG. JUDGE COLE** |
| **Dennis J. Porter,** individually, | ) | |
| Defendants. | ) | |

## NOTICE OF FILING

PLEASE TAKE NOTICE that the Defendants filed with the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois, on this 16th day of May, 2007, their Notice of Removal of this cause, a true and accurate copy of which is attached hereto and hereby served upon you.

Kendall County Blacktop, Inc.
Dennis J. Porter

By: _____
One of Defendants' Attorneys

Walter J. Liszka
Robert E. Mahoney
Sean F. Darke
Wessels & Pautsch, P.C.
Chicago Bar Association Building
321 South Plymouth Court, Suite 900
Chicago, Illinois 60604
(312) 461-0500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Jeffrey M. Kenyon,** individually and on behalf of all persons similarly situated as class representative, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| **Kendall County Blacktop, Inc., Dennis J. Porter**, individually, | ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she did cause copies of the foregoing Notice of Removal and Notice of Filing to be served upon the following individual(s) by mailing same via overnight mail or United States Mail, First Class Postage Prepaid, on this 16th day of May, 2007 addressed as follows:

*Via Overnight Mail*
Becky Morganegg, Circuit Clerk
Circuit Court of the 16th Judicial Circuit
Kendall County Courthouse
807 West John Street- P.O. Box M
Yorkville, Illinois 60560

*Via U.S. Mail, First Class Postage Prepaid*
Robert M. Foote
John C. Ireland
Kathleen C. Chavez
Foote, Myers, Mielke & Flowers, LLC
416 South Second Street
Geneva, Illinois 60134

Annette M. Johnson

SUBSCRIBED AND SWORN TO
before me this 16th day of May, 2007

NOTARY PUBLIC

OFFICIAL SEAL
LISA MARIE CHRISTOPHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/05/09

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Jeffrey M. Kenyon,** individually and on behalf of all persons similarly situated as class representative, | ) ) ) ) ) | **FILED** MAY 16 2007 *rg* MAY 16, 2007 **MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT** |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **07CV2750** **JUDGE GETTLEMAN** **MAG. JUDGE COLE** |
| **Kendall County Blacktop, Inc.,** **Dennis J. Porter,** individually, | ) ) ) | |
| Defendants. | ) ) | |

### NOTICE OF REMOVAL

NOW COME the Defendants, Kendall County Blacktop, Inc. and Dennis J. Porter, individually, by and through their attorneys, Wessels & Pautsch, P.C., by Walter J. Liszka, Robert E. Mahoney and Sean F. Darke, and, pursuant to 28 U.S.C. §§ 1441, 1446 and 1453, hereby submit their notice of removal of the above-captioned cause from the Circuit Court of the Sixteenth Judicial Circuit, Kendall County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division, and in support of this notice the Defendants state as follows:

1.      Plaintiff filed this purported collective/class-action lawsuit against Defendants in the Circuit Court of the Sixteenth Judicial Circuit, Kendall County, Illinois ("Circuit Court") on April 19, 2007 entitled *Jeffrey M. Kenyon, individually and on behalf of all persons similarly situated as class representative, Plaintiffs, vs. Kendall County*

1

*Blacktop, Inc. and Dennis J. Porter, individually, Defendants,* Case No. 2007 L 0034. Defendants first received a copy of the summons and complaint on April 20, 2007. As of the date of this notice, Defendants have received no notice of any other pleadings or documents filed in this cause.

2.　　Plaintiff's complaint seeks relief as a collective action against Defendants for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, 207 and 216(b) ("FLSA"). The complaint also seeks relief as a class-action against Defendants for alleged violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* The complaint also contains common law equitable claims for *quantum meruit* and unjust enrichment. A true and correct copy of the summons and complaint in this cause is attached hereto and made a part hereof as Exhibit "A."

3.　　The provisions of 28 U.S.C. § 1441(a), (b) and (c) allow a defendant to remove to federal court a case initially filed in state court provided, among other things, the case involves a federal question and contains a claim over which the federal court has original jurisdiction. Plaintiff's FLSA collective action involves a federal question and is a federal civil action over which this Court has original jurisdiction. 29 U.S.C. § 201 *et seq.* This case is therefore removable under § 1441(a), (b) and (c).

4.　　Less than thirty (30) days have passed since Defendants first received notice of this cause on April 20, 2007, and therefore this notice of removal is timely and complies with the provisions of 28 U.S.C § 1446(b).

2

5. In accordance with § 1446(d), Defendants are promptly providing written notice of this removal, by notice of filing and certificate of service, to counsel for Plaintiff, the only other known party in this cause, and shall file promptly with the clerk of the Circuit Court a notice of filing this notice of removal.

WHEREFORE, the Defendants, by their attorneys, hereby submit this notice of removal of this cause from the Circuit Court to the United States District Court for the Northern District of Illinois, Eastern Division where it shall hereafter proceed in accordance with the jurisdiction and rules of this Court.

Dated this 16th day of May, 2007.

Kendal County Blacktop, Inc.
Dennis J. Porter

By:_____
One of Their Attorneys

Walter J. Liszka
Robert E. Mahoney
Sean F. Darke
Wessels & Pautsch, P.C.
Chicago Bar Association Building
321 South Plymouth Court, Suite 900
Chicago, Illinois
(312) 461-0500

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Jeffrey M. Kenyon,** individually and on behalf of all persons similarly situated as class representative, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **Kendall County Blacktop, Inc., Dennis J. Porter**, individually, | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she did cause copies of the foregoing Notice of Removal to be served upon the following individual(s) by mailing same via overnight mail or United States Mail, First Class Postage Prepaid, on this 16th day of May, 2007 addressed as follows:

*Via Overnight Mail*
Becky Morganegg, Circuit Clerk
Circuit Court of the 16th Judicial Circuit
Kendall County Courthouse
807 West John Street- P.O. Box M
Yorkville, Illinois 60560

*Via U.S. Mail, First Class Postage Prepaid*
Robert M. Foote
John C. Ireland
Kathleen C. Chavez
Foote, Myers, Mielke & Flowers, LLC
416 South Second Street
Geneva, Illinois 60134

Annette M. Johnson

SUBSCRIBED AND SWORN TO
before me this 16th day of May, 2007

NOTARY PUBLIC

OFFICIAL SEAL
LISA MARIE CHRISTOPHER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/05/09

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
### KENDALL ~~KANE~~ COUNTY, ILLINOIS

Case No.

| | |
|---|---|
| Jeffrey M. Kenyon, individually and on behalf of all persons similarly situated as class representatives<br><br>Plaintiff(s) | Kendall County Blacktop, Inc. and Dennis Porter Individually<br><br>Defendant(s) |

**2007 L 0034**

SERVE THIS DEFENDANT AT:

Name: Kendall County Blacktop, Inc. by serving its President Dennis Porter

Address:  72 Blackhawk Springs Road

City, State & Zip:  Plano, IL  60545

File Stamp

Amount Claimed $ _____

Pltf. Atty **Robert M. Foote**
Atty. Registration No.  **03124325**
Address  **416 South Second Street**
City, State and Zip  **Geneva, Il  60134**

Add. Pltf. Atty  **Kathleen C. Chavez**
Atty. Registration No.  **06255735**
Address  **416 South Second St.**
City, State and Zip  **Geneva, IL  60134**

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the _____ at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☐ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons.  The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance.  If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(to be inserted by process server on copy left with the defendant or other person)

APR 1 9 2007

WITNESS, _____ (date)

*Becky Morganegc*

Clerk of Court

166-A (7/01)

Case No: _____

## SUMMONS (CONT.)

:ertify that I served this summons on defendants as follows:

) - (Individual defendants – personal)
By leaving a copy and a copy of the complaint with each individual defendant personally, as follows:

| Name of Defendant | Place of Service | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

ǀ - (Individual defendants – abode):
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his/her ɲily, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the ᴍᴍᴏɴs and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his/her usual ɪce of abode, as follows:

| Name of Defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

- (Corporation defendants):
By leaving a copy and a copy of the complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant corporation | Registered agent officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

- (Other service):

Signature

| SERVICE FEES | |
|---|---|
| Service and return _____ $_____ | |
| Miles_____ | _____ |
| Total | $_____ |
| ˺ Sheriff of _____ County | |
| ˺ Special Process Server | |

Sheriff of _____ County
☐ By _____, Deputy

☐ Special Process Server
(See Order of Appointment in file)

n 166-Abk (8/00)

**FILED**

**IN THE CIRCUIT COURT OF THE 16th JUDICIAL CIRCUIT**
**KENDALL COUNTY, STATE OF ILLINOIS**

APR 1 8 2007

BECKY MORGANEGG
CIRCUIT CLERK KENDALL CO.

| | |
|---|---|
| JEFFREY M. KENYON, individually and on behalf of all persons similarly situated as class representative, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. ) |
| KENDALL COUNTY BLACKTOP , INC., DENNIS J. PORTER, Individually | ) ) ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) ) ) |

**2007** **7-19 2c)**

## CLASS ACTION COMPLAINT

NOW COMES the Plaintiff, Jeffrey M. Kenyon, individually and on behalf of all others

similarly situated, as class representative, by and through his undersigned counsel of record,

upon personal knowledge as to those allegations in which he so possesses and upon information

and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act

(hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter

"IMWL" ) Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))

(hereinafter "IWPCA" ) and other state wage laws brings this cause of action against Defendants

KENDALL COUNTY BLACKTOP, INC., (hereinafter "Kendall Co. Blacktop"), DENNIS J.

PORTER, individually, (hereinafter referred to as "Porter" or "Individual Defendant"),

(hereinafter both Defendant parties are referred to as "Defendants"), and in so doing states the

following:

1

## NATURE OF THE ACTION

1.     Plaintiff, Jeffrey M. KENYON, alleges individually and on behalf of himself and other similarly situated current, former and future employees of the Defendants, (hereinafter references to "Plaintiffs" are inclusive of both Individual Plaintiff and those employees that are similarly situated to the Individual Plaintiff) that they, under both federal and state wage laws, are entitled to be paid for all hours worked and to receive overtime pay for all hours worked over forty (40) hours per week.   Plaintiffs allege that during the relevant times described herein Defendants KENDALL CO. BLACKTOP has established a pattern and practice of requiring "off-the-clock" work by all its employees and, by this requirement, failing to pay all hours worked and/or not paying time-and-a-half for "off-the-clock" hours.

2.     This action is brought as a class action pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA" ).

3.     This action is also brought as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, 207 and 216(b) to recover unpaid wages for overtime work performed for which Plaintiffs were not paid time-and-a-half and liquidated damages and interest.

4.     Plaintiffs' federal FLSA claims are brought as "opt-in" collective action claims pursuant to the FLSA; state law and common law claims are brought as a conventional class action pursuant to the Rules of Illinois Civil Procedure.

5.     Plaintiffs, in their class claims, request injunctive and declaratory relief, and compensation and credit for all uncompensated work required, suffered, and/or permitted by Kendall Co. Blacktop, liquidated and/or other damages as permitted by applicable law,

2

restitution and payment of all benefits Defendants obtained from their unlawful business practices and attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002)) ("IWPCA" ) and Illinois Common Law. The Plaintiffs do not bring any claims under any collective bargaining agreement.

7. The Court is authorized to issue a declaratory judgment pursuant to the Rules of Illinois Civil Procedure.

8. Upon information and belief, the amount in controversy in this matter does not exceed the sum or value $5,000,000, exclusive of interest and costs.

9. Venue is proper in this Circuit. Kendall Co. Blacktop does business and is a resident of Kendall County and the State of Illinois, Plaintiff Kenyon is a resident of Kendall County and the State of Illinois. On information and belief, Individual Defendant Porter is also a resident of Kendall County, Illinois. Kendall Co. Blacktop and Individual Defendant Porter are subject to personal jurisdiction in the State of Illinois for the purpose of this lawsuit.

## THE PARTIES

10. Plaintiff, KENYON, is a resident of the City of Plano, the County of Kendall, and the State of Illinois.

11. Plaintiff, KENYON is a former employee of Defendants, Kendall Co. Blacktop, who, within the applicable period of limitations prior to the commencement of this action, was unlawfully deprived of wages due and owing to him by Defendants.

3

12.     Defendant, KENDALL CO. BLACKTOP, INC., ("Kendall Co. Blacktop") is an Illinois corporation located at 72 Blackhawk Springs Road Plano Illinois 60545 and/or P.O. Box 91 Plano Illinois 60545.

13.     DENNIS J. PORTER is an individual Defendant and an owner of the herein named corporation and, upon information and belief, is a resident of Kendall County.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

### A.     Class Allegations under IMWL

14.     Plaintiffs bring state wage law claims, pursuant to the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq*, as individual and as a class action pursuant to the Illinois Rules of Civil Procedure. The Class is defined as all current, former and future employees of Kendall Co. Blacktop employed as Truck Drivers/Yard Men and 'Crew' employees of the Defendants (including 'Ground Crew' and 'Sealing and Striping Crew') and who were not paid overtime wages due for three (3) years prior to the filling of this complaint and until an judgment is entered in this case (the "Class" and "Class Period," respectively) (hereinafter, "Plaintiffs" refers to both Named Plaintiff and the Class).

15.     Excluded from the Class are Kendall Co. Blacktop's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Kendall Co. Blacktop; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

16.     **Numerosity:** The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within

4

the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period, Kendall Co. Blacktop operated several 'crews' with several 'drivers' for each crew/work site. The numerosity is demonstrated by the Kendall Co. Blacktop having a work force of 10-15 Drivers and Crew members at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially.

17.    **Commonality**: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

(a)    whether the Defendants employed Plaintiffs and the Class within the meaning of the IMWL;

(b)    what proof of hours worked is sufficient where employers fail in their duty to maintain time records; and

(c)    whether the Plaintiffs and the Class were paid overtime wages pursuant to the overtime provisions of the IMWL.

(d)    whether Defendants engaged in a continuing policy, pattern or practice of failing to pay all overtime wages due to the Individual Plaintiff and prospective Class Members, to allow Kendall Co. Blacktop to require Drivers and Crew Members to perform work in excess of forty (40) hours per week without compensating the employees at time-and-a-half for all hours worked beyond forty (40) hours.

18.    **Typicality**:    The claims of Representative Plaintiff are typical of the Class.

5

19. **Adequacy:** Representative Plaintiff will fairly and adequately represent the interests of the Class.

20. **Superiority:** A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in State Court against a corporate Defendants like Kendall Co. Blacktop.

21. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Illinois State Court against the corporate Defendants.

23. The Defendants have acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

24. IMWL violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IMWL claims asserted by the Plaintiffs.

B. **Class Allegations under IWPCA**

25. Plaintiffs bring state wage law claims, pursuant to the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*, as individual and class action pursuant to the Illinois Rules of Civil Procedure. The Class is defined as all current, former and future employees of

' 6

Kendall Co. Blacktop employed as Truck Drivers/Yard Men and 'Crew' employees of the Defendants (including Ground Crew and Sealing and Striping Crew) and not paid for all hours worked at any time during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint through the date of judgment in this action, who were improperly not paid all wages due. (the "Class" and "Class Period," respectively) (hereinafter. "Plaintiffs" refers to both Named Plaintiff and the Class).

26. Excluded from the Class are Kendall Co. Blacktop's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the Class period has had, a controlling interest in Kendall Co. Blacktop; the Judge to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper request for exclusion from the Class.

27. Numerosity: The persons in the Class identified above are geographically diverse and so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are hundreds of members of the Class based upon the fact that during the Class Period, Kendall Co. Blacktop operated several 'crews' with several drivers for each crew/work site. The numerosity is demonstrated by the Kendall Co. Blacktop work force employed between 10-15 Drivers and Crew members at any one time and due to the high "turnover" of these positions the number of potential class members is increased substantially.

28. Commonality: There are numerous questions of law and fact common to the Class that predominate over any questions affecting only individual members. The questions of

7

law and fact common to this Class that predominate over any question solely affecting individual members of the Class, including but are not limited to:

(a)     whether the Defendants employed Plaintiffs and the Class within the meaning of the IWPCA;

(b)     what proof of hours worked is sufficient where employers fail in their duty to maintain time records; and

(c)     whether the Plaintiffs and the Class were paid all wages and overtime wages pursuant to the straight and overtime provisions of the IWPCA.

(d)     whether Defendants engaged in a continuing policy, pattern or practice of failing to pay for all hours worked and due to the Individual Plaintiff and prospective Class Members.

29     **Typicality:**     The claims of Representative Plaintiff are typical of the Class.

30.     **Adequacy:**     Representative Plaintiff will fairly and adequately represent the interests of the Class.

31.     **Superiority:**  A class action is superior to other available methods for their fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in State Court against a corporate Defendant like Kendall Co. Blacktop.

32.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of this litigation where no individual

8

employee can justify the commitment of the large financial resources to vigorously prosecute a lawsuit in Illinois State Court against the corporate Defendants.

34.     The Defendants have acted or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

35.     IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiffs.

C.     **The FLSA Collective Action**

36.     Plaintiffs bring claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all employees of Kendall Co. Blacktop who were, are, or will be employed by Kendall Co. Blacktop during the period of three (3) years prior to the date of commencement of this action through the date of judgment in this action, who were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty (40) hours per work week.

37.     FLSA violation claims are brought and maintained as an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), for all FLSA claims asserted by the Plaintiffs, since the FLSA claims of the Plaintiffs are similar to the FLSA claims of all Drivers employed by Kendall Co. Blacktop.

38.     Defendants are liable for improperly compensating Plaintiff and FLSA Collective under the FLSA, and as such notice should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Kendall Co. Blacktop who have been denied the overtime premium in violation of the FLSA. These current, former and future employees

9

would benefit from the issuance of a court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. The similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## STATEMENT OF FACTS

A.    Kendall Co. Blacktop's Scheduling and Compensation Practices Require Plaintiffs to Work "Off-The-Clock" and/or in Excess of Forty (40) Hours Per Work Week Without Being Paid for all Time Worked and/or Time-and-a-Half Wages.

39.    Plaintiffs were employed by Kendall Co. Blacktop as Drivers and/or "Crew" Employees by Defendant Kendall Co. Blacktop and Porter in Plano, Illinois.

40.    It is and was at all relevant times, a policy of Kendall Co. Blacktop to require employees to work "off-the-clock" on a daily basis.

41.    Plaintiffs were typically scheduled and set tasks requiring work of at least 40 hours per week, thus most of the Plaintiffs "off-the-clock" work was overtime work and should have been paid at overtime wage rate of time and a half per hour.

42.    However, Plaintiffs also, on occasion, worked less than 40 hours per week as a result of inclement weather or lack of work, resulting in non-payment of straight time wages.

43.    Defendants consented, were knowledgeable of and required the Plaintiffs to work "off-the-clock" at the start of the work day and were aware that Plaintiffs were performing work or were subject to call for the Defendants.

44.    The Plaintiffs off-the-clock work was not de minimis, was not insubstantial and insignificant periods of time spent in preliminary activities, rather Defendants' required the Plaintiffs time and effort for thirty minutes or more per day, two to three hours or more per week and over one hundred hours or more per year.

10

B.    **KENDALL CO. BLACKTOP's Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

45.    KENDALL CO. BLACKTOP required and permitted Plaintiff Kenyon, the Class, and the FLSA Collective, to work more than 40 hours in a week.  KENDALL CO. BLACKTOP did not pay Plaintiff Kenyon, the Class, and the FLSA Collective for all of these straight and/or overtime hours, which should have been paid at the rate of one-and-a-half times the regular rate of pay or straight time hours in which the total work hours did not exceed forty (40) hours per week.

46.    KENDALL CO. BLACKTOP's unlawful conduct has been uniform, widespread, repeated and consistent and occurs nationwide.

47.    KENDALL CO. BLACKTOP's owners and/or Individual Defendant Porter were aware that KENDALL CO. BLACKTOP's Drivers including Representative Plaintiff and the Class and the FLSA Collective, performed work before their "Start" time that required both straight pay and/or overtime pay.  KENDALL CO. BLACKTOP has willfully operated a scheme to deprive these employees of all their wages and/or premium overtime by deliberately ordering them to begin work at a particular time but not paying them from this time, rather starting paid working hours at a later time.

48.    KENDALL CO. BLACKTOP's conduct, as set forth above, has been willful and in bad faith, and has caused significant damages to the Plaintiff and members of the Class and the FLSA Collective.

49.    All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

11

50. All allegations plead herein are plead with personal knowledge a allegations to which Plaintiff has such knowledge and based upon "information and belief ... all other allegations.

## FIRST CLAIM FOR RELIEF
### *Class Action Against Defendants*
### *Under the Illinois Minimum Wage Law "IMWL"*

51. Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

52. Plaintiffs were/are employees of the Defendants pursuant to the IMWL.

53. Plaintiffs were employed by Kendall Co. Blacktop as Drivers and/or "Crew" Employees by Defendant Kendall Co. Blacktop in Plano, Illinois.

54. It is and was at all relevant times, a policy of Kendall Co. Blacktop to require employees to work "off-the-clock" on a daily basis.

55. Plaintiffs were typically scheduled and set tasks requiring work of at least 40 hours per week, thus most of the Plaintiffs "off-the-clock" work was overtime work and should have been paid at overtime wage rate of time and a half per hour.

56. However, Plaintiffs also, on occasion, worked less than 40 hours per week as a result of inclement weather or lack of work, resulting in non-payment of straight time wages.

57. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

58. Defendants consented, were knowledgeable of and required the Plaintiffs to work "off-the-clock" at the start of the work day and were aware that Plaintiffs were performing work or subject to call for the Defendants.

12

59.     Defendants derived benefits by requiring Plaintiffs to begin work for a significant period of time before the Defendants began to pay them.

60.     By the Defendants' policies, the Plaintiffs did not receive adequate employer contributions for FICA and other employer payroll taxes.

61.     As a result of the foregoing, Plaintiffs and members of the Class have been damaged in an amount to be determined at trial.

62.     Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

## SECOND CLAIM
### Class Action Against Defendants
### Under Illinois Wage Payment and Collection Act "IWPCA"

63.     Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

64.     Plaintiffs were employed by Kendall Co. Blacktop as Drivers and/or "Crew" Employees by Defendant Kendall Co. Blacktop in Plano, Illinois.

65.     It is and was at all relevant times, a policy of Kendall Co. Blacktop to require employees to work "off-the-clock" on a daily basis.

66.     Plaintiffs were typically scheduled and set tasks requiring work of at least 40 hours per week, thus most of the Plaintiffs "off-the-clock" work was overtime work and should have been paid at overtime wage rate of time and a half per hour.

67.     However, Plaintiffs also, on occasion, worked less than 40 hours per week as a result of inclement weather or lack of work, resulting in non-payment of straight time wages.

13

68.     The Defendants unlawful conduct was and is not inadvertent, de minimis, isola or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

69.     Defendants consented, were knowledgeable of and required the Plaintiffs to work "off-the-clock" at the start of the work day and were aware that Plaintiffs were performing work or subject to call for the Defendants.

70.     Plaintiffs bring their claims for relief pursuant to the IWPCA as a class action for all employees who were, are, or will be employed by Defendants during the period of date five years (for oral contracts) and/or ten years (for written contracts) prior to the filing of this complaint of this action through the date of judgment in this action, who were improperly not paid all wages due.

71.     IWPCA violation claims are brought and maintained as a class action pursuant to Illinois Code of Civil Procedure 735 ILCS 5/2-801-806, for all IWPCA claims asserted by the Plaintiffs.

72.     This cause of action arises out of employment contracts; written and/or oral.

73.     Plaintiffs were employed by Defendants as Drivers and/or Crew Members.

74.     Upon information and belief, all class employees of the Defendants had the same policies imposed upon its employees.

75.     Plaintiffs were under the control and direction of the owner of the Defendants and/or his agents during the period of the Plaintiffs' employment under their contracts of service and in fact.

76.     Plaintiffs were not independent contractors, rather were employees of the Defendants by oral agreement and/or written contract.

14

77.     Plaintiffs employment was in the usual course of business for which such service is performed.

78.     Plaintiffs do not posses a proprietary interest in the Defendants.

79.     The Defendants are "employers" under the terms of the IWPCA section 2.

80.     Porter, as an owner and direct supervisor of the Plaintiffs, ordered, directed and required the Plaintiffs to work "off-the-clock" with full knowledge that while the employees were doing work for the Defendants the Plaintiffs would not receive any compensation for this work.

81.     In accordance with IWPCA, an employer is also defined as: "any officer of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation", therefore Dennis J. Porter, is an employer under the definition of employer in the IWPCA, because he knowingly permitted and directed the violation of the Act (IWPCA) and is both an owner and agent of the named corporations.

82.     Porter, by ordering Plaintiffs to work "off-the-clock" knowingly permitted Kendall Co. Blacktop to violate the provisions of the IWPCA, and thus is deemed to be the employer of the employees of the corporation.

83.     The Individual Plaintiffs delivered by two (2) methods, three (3) days prior to the filing of this action a demand for payment of the Plaintiffs' individual wages. (See attached certified copy of correspondence from Plaintiffs' counsel to Defendants dated April 9, 2007 attached as Exhibit "B").

84.     Plaintiffs' demand was for the individual Plaintiff Kenyon's compensation for a sum not exceeding the amount due and owed.

15

### THIRD CLAIM FOR RELIEF
*On Behalf of Plaintiffs and All Opt-In*
*Employees Against Defendants Kendall Co. Blacktop*
*FLSA Claims, 29 U.S.C. § 201 et seq.*

85.     Plaintiff Kenyon realleges and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

86.     At all relevant times, Defendant Kendall Co. Blacktop has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and continue to employ, "employee[s]," including the Plaintiffs, and each of the members of the FLSA Opt-Ins, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

87.     At all relevant times, Defendants have engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs and members of the prospective FLSA Class, to work many hours in excess of forty (40) hours per week without compensating such employees for work performed at the applicable rate.

88.     Plaintiffs were typically scheduled and set tasks requiring work of at least 40 hours per week, thus most of the Plaintiffs' "off-the-clock" work was overtime work and should have been paid at overtime wage rate of time and a half per hour.

89.     However, Plaintiffs also, on occasion, worked less than 40 hours per week as a result of inclement weather or lack of work, resulting in non-payment of straight time wages.

90.     At all relevant times, the work performed by Drivers including the Plaintiffs and prospective FLSA Opt-Ins, employed at Defendants were, and continue to be, required or

16

permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

91.     As a result of the Defendants' willful failure to record or compensate its employees – including Plaintiff Kenyon and members of the prospective FLSA Class – employed by Defendants for all hours worked, Defendants have violated, and continue to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

92.     As a result of the Defendants' willful failure to record, report, credit, and/or compensate its employees employed by Defendants, including the Plaintiffs and members of the prospective FLSA Class, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

93.     The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

94.     Plaintiff Kenyon, on behalf of himself and all FLSA Opt-Ins, seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

95.     Plaintiff Kenyon, on behalf of himself and all FLSA Opt-Ins, seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

96.     Plaintiff Kenyon has consented to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent is attached hereto as Exhibit "A."

17

97.     At all times relevant to this action, Plaintiff Kenyon and all FLSA Opt-Ins were employed by Defendants within the meaning of the FLSA.

98.     At all times relevant to this action, Plaintiff Kenyon and all FLSA Opt-Ins were engaged in commerce and/or the production of goods for commerce and/or Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

99.     Due to Defendant's FLSA violations, Plaintiff Kenyon and all FLSA Opt-Ins are entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

100.    § 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

## FOURTH CLAIM FOR RELIEF
### *Quantum Meruit*

101.    Plaintiffs reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

102.    Kendall Co. Blacktop, at all times material to this Complaint, was conscious and aware that Plaintiffs' required "off-the-clock" and work hours which exceeded forty (40) hours per week, as Kendall Co. Blacktop by policies, procedures and specific directives ordered the Plaintiffs to complete assigned work, knowing the assigned tasks were unpaid and would often require more than forty (40) hours of work by the Plaintiffs.

18

103.    Plaintiffs worked "off-the-clock" work and work in excess of forty (40) hours per week at the direction and behest of Kendall Co. Blacktop and the benefits thereby conferred on Kendall Co. Blacktop were accepted and appreciated by it.

104.    Kendall Co. Blacktop is liable to Plaintiffs and the Class under quantum meruit for all work performed by Plaintiffs for Kendall Co. Blacktop more than and less than forty (40) hours.

### FIFTH CLAIM FOR RELIEF
*Unjust Enrichment*

105.    Plaintiffs reallege and incorporates by reference all the preceding paragraphs, as if fully set forth herein.

106.    Plaintiffs were employed by Kendall Co. Blacktop "off-the-clock" without additional compensation. Such work constitutes a benefit to the Defendants by Plaintiffs and the Class.

107.    The benefit was and is appreciated by the Defendants.

108.    The benefit was accepted and is being accepted by the Defendants under such circumstances that it would be inequitable for it to be retained without payment.

109.    Accordingly, Defendant Kendall Co. Blacktop is liable to the Plaintiffs and the Class for all hours worked.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenyon, individually and on behalf of the IWML Class, IWPCA Class, and the FLSA Collective, prays for the following relief:

A.    That, at the earliest possible time, the Plaintiffs be allowed to give notice of these class actions, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years and/or five years immediately preceding the filing of this suit, up

19

through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendants and required to work "off-the-clock". Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to "opt out" of this lawsuit if they believe they were paid all wages due.

B.     That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit. up through and including the date of this Court's issuance of Court-supervised notice, been employed by the Defendants and required to work "off-the-clock". Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join in this lawsuit if they believe they were not paid for all overtime work performed.

C.     Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

D.     Unpaid regular wages, spread-of-hours premiums, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

E.     Compensation originating from KENDALL CO. BLACKTOP company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

F.     An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

G.     Certification of this case as a class action pursuant to Illinois Rules of Civil Procedure;

H.     Designation of the Illinois Plaintiff as representatives of the Class, and counsel of record as Class Counsel;

20

I. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

J. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

K. Attorneys' fees in accordance with all applicable laws, Illinois Law and pursuant to 705 ILCS 225/1; the Illinois Attorneys Fees in Wage Actions Act

L. Unpaid wages and liquidated damages pursuant to IWPCA and the supporting Illinois Department of Labor regulations;

M. Liquidated damages in accordance with the IWPCA in the amount of 10 days of wages for each class member;

N. Consequential damages;

O. Additional compensation/penalty due to the Plaintiffs in accordance with Section 14(b) of the IWPCA in the amount of 1% per day (up to an amount to twice the sum of unpaid wages) due under the IWPCA for the delay in payment of due wages;

P. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;.

Q. and costs of this action; and

R. Such other relief as this Court shall deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Illinois Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

21

Dated: April 12, 2007

Respectfully submitted,

By: _____

One of his attorneys

Attorneys for the Plaintiff
and the Plaintiff Class

Robert M. Foote, Esq.
John C. Ireland
FOOTE, MEYERS, MIELKE & FLOWERS, LLC
416 South Second Street
Geneva, Illinois 60134
Telephone: (630)232-6333

Kathleen C. Chavez
Chavez Law Firm, P.C.
416 South Second Street
Geneva, Illinois 60134
Telephone: (630)232-4480
Facsimile: (630)232-8265

22

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
JEFFREY KENYON

Subscribed and sworn to
before me this ___ day
of _____, 2007

23

## CONSENT TO BECOME A PARTY

I hereby consent to become a party in the foregoing lawsuit to be filed against Kendall County Blacktop in pursuit of proper redress of claims made under the Fair Labor Standards Act; 29 U.S.C. Section 216(b).

I hereby name the law firm of Foote, Meyers, Mielke and Flowers, LLC to represent me in this suit

_Jeffrey M. Kenyon_
Signature

_Jeffrey M. Kenyon_
Printed name

_12630 B River Rd._
Address

_Plano, IL. 60545_
City, State, and Zip Code

**EXHIBIT**

A

# FOOTE, MEYERS, MIELKE & FLOWERS, LLC

ATTORNEYS AT LAW

RT M. FOOTE
.UGUST MEYERS
3 S. MIELKE
t J. FLOWERS
THY D. O'NEIL
3 D. BROWN

CK J. KEANE
) P. NEUMAN
RT M. NELSON

THE DODSON HOUSE
416 SOUTH SECOND STREET
GENEVA, ILLINOIS 60134

PHONE (630) 232-6333
FACSIMILE (630) 845-8982
E-MAIL pjf@foote-meyers.com

CHICAGO OFFICE
30 NORTH LaSALLE STREET
SUITE 2340
CHICAGO, ILLINOIS 60603
(312) 214-1017

KATHLEEN CHAVEZ
Of Counsel

April 9, 2007

*Via Certified U.S. Mail.*
*Electronic Mail delivery to anshoo@aol.com*
*and facsimile delivery to 773-695-8755*

Mr. Anshoo Sethi
Owner/operator
Wyndham Garden Hotel Chicago O'Hare
A & A Hospitality LLC.,
Oak Brook Hospitality, LLC.,
8201 W. Higgins Road
Chicago, Illinois
60631

Re:    Demand for full payment of Vicki Vestal and Roman Burnat last and final paychecks

Dear Mr. Sethi:

Please be advised that I have been retained by Vicki Vestal and Roman Burnat to represent their interests relating to their employment with the above-named corporations. Please direct all future communication regarding Vicki Vestal and Roman Burnat's employment to my office. As Vicki Vestal and Roman Burnat are now represented by counsel, please do not contact them directly regarding any matter.

This letter shall serve as an official demand for full and complete payment of the last and final wage payments owed to Vicki Vestal and Roman Burnat, in accordance with the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.*

This demand for payment is being made based upon Ms. Vestal's having worked the weeks of January 8-19, 2007 and Mr. Burnat's having worked the week of January 8-12, 2007 and the corresponding failure of yourself and your corporations to pay all wages justly due for their work. As of the date of this correspondence, neither of your former employees have received their final paychecks. The amounts owed and herein demanded are $2,076.93 for Ms. Vestal and $670.00 for Mr. Burnat.

This demand is non-negotiable as the wages are due and have not been paid. In accordance with Illinois law any demand for reduction of these amounts is improper and a breach of contract.



**EXHIBIT**

B

FOOTE, MEYERS, MIELKE & FLOWERS, LLC

Should you have contrary indications as to your payments to our clients, please immediately contact our office with this information. If I do not receive any communications from you by April 12, 2007 I will assume that the debts are just and act accordingly.

Sincerely yours,

John C. Ireland